JOHN F. PERKINS vs. MERRICK MURPHY, Appellant.

APPEAL FROM CIRCUIT COURT, RACINE COUNTY.

Heard July 9.]                          [Decided July 14, 1859.

*Evidence—Finding—Judgment—Practice.*

Where there is conflicting testimony and judgment has been given in favor of
the preponderance of the testimony, the judgment will be affirmed. But upon
a question of mere preponderance of testimony, the court is not inclined to
examine it in detail.

On the 17th day of June, in the year 1847, Perkins and
Murphy formed and entered into a co-partnership for the pur-
pose of carrying on the lumber business in the city of Mil-
waukee, and continued to carry on the business together until
the 23d day of May following, when the partnership was
dissolved by mutual consent. On the 13th day of March, in
the year 1848, and during the existence of the co-partnership,
Perkins placed in the hands of Murphy the note and mort-
gage now the subject of dispute between them, accompanied
by a written assignment thereof.

It is alleged and claimed by Perkins, among other things,
that the note and mortgage were assigned to and placed in
the hands of Murphy, to enable him to raise money on them
for the use and benefit of the firm, in case it should become
necessary or profitable to do so in the prosecution of their
joint business, and for no other purpose whatever; that soon
after the date of the assignment and delivery of the note and
mortgage to Murphy, the partnership was dissolved and the
business discontinued; that it never became necessary for
Murphy to use the note and mortgage, or any part of them,
for the purpose contemplated by the assignment, and that
they were never, in fact, used by him for such purpose.

Perkins also alleges, that after the dissolution of the part-
nership, Murphy, as pretended owner, commenced a suit in
the circuit court of Milwaukee county, against Dennis S. Cady,
the mortgagor, as sole defendant, for the foreclosure of the
mortgage, and for a sale of the premises therein described;

that such proceedings were afterwards had in that suit; that a decree of foreclosure and sale was rendered therein; that in pursuance of the decree, the mortgaged premises were exposed for sale, and on such sale were struck off to Murphy, and that on the same day, the sheriff who conducted the sale, made and delivered to Murphy, as purchaser, his deed of the premises, which was afterwards recorded in the office of the register of deeds for Milwaukee county. Murphy, on the other hand, denies that the note and mortgage in question were assigned and delivered to him for the uses and purposes above mentioned, and alleges, among other things, not necessary to be stated for the purposes of this case, that at the date of the assignment, he purchased, absolutely, the note and mortgage in dispute, and at the same time paid Perkins therefor, in cash, the sum of *seven hundred dollars, the purchase price,* and thereby became the legal and equitable owner of those securities. The history of this note and mortgage is stated, at length, in the opinion of the court, in the case of *Farwell & Antis vs. Murphy,* reported in 2 Wis. Rep., 535, *et seq.,* this note being the one there referred to as falling due in January, 1849.

Much testimony was given in the court below on the trial of the case, but for the reason given in the opinion of the court, it will not be further noticed. The court found for the defendant, and the plaintiff appealed to this court.

*A. C. Fraser,* for the respondent.

*Waldo, Ody & Van Valkenburg, for the appellant.*

*By the Court,* PAINE, J. The appeal in this case presents only a question of fact. The evidence was conflicting, and the only question is, whether it preponderated in favor of the plaintiff, or of the defendant. Without examining it at all in detail, we will only say that we think it preponderated in favor of the complainant, and that the judgment of the court below must be affirmed.