MORRIS VS. BOOMER and others.

In all cases where this court is required to review the evidence upon which the court below made its decision, it will examine the evidence in detail and determine what effect shall be given to it, whether it be conflicting or not, but will not examine or notice the evidence in detail, in giving the opinion of the court. The case of *Perkins vs. Murphy*, 9 Wis., 100, explained.

After judgment has been rendered on a claim of indebtedness, establishing it, it is too late in an action brought to enforce the collection of the judgment, to insist on a defense that might have been made to the original demand.

APPEAL from the Circuit Court for *Fond du Lac* County. This was an action brought by the plaintiff, who had recov-

ered a judgment against the defendant, *Lyman E. Boomer*, on a note given by him to Ann Cole and transferred to the plaintiff, to set aside a conveyance of certain real estate made by *Lyman E. Boomer* to the defendant *Alanson Boomer*, on the ground that the said conveyance was made with intent to hinder, delay and defraud the creditors of *Lyman E. Boomer*, and particularly the plaintiff. The defendant *Lyman E. Boomer* made default, and the defendant *Alanson Boomer* answered the complaint, denying the fraud alleged, and claim-ing the conveyance to him was valid. A very considerable amount of evidence was given at the trial, bearing upon the question whether the this conveyance was *bona fide*, or merely colorable. The circuit court found that the conveyance was fraudulent and void, and adjudged that as to the plaintiff it be set aside and cancelled. The defendant *Alanson Boomer*, ex-cepted to the decision and appealed from the judgment.

*Baird & Skinner*, for appellant.

*Gill, Barber & Fribert*, for respondent.


*By the Court*, PAINE, J. There is no dispute about the prin-ciples of law applicable to this case. The dispute is wholly upon questions of fact. Those questions are, whether the sale from *Lyman E.* to *Alanson Boomer* was made with the intent by the former to defeat or hinder the collection of the notes, on one of which, the judgment mentioned in the complaint was rendered; and if so, whether this fact was known to *Alanson Boomer* at the time of the purchase.

We do not deem it essential, ordinarily, to enter into an ex-tended review of the evidence upon questions of fact. And by this we do not mean to be understood, that in arriving at our conclusions, we do not examine the evidence with all the care and attention we are able to bestow upon it. This we al-ways do in cases where we are required to pass upon questions of fact. All that is meant, is, that after having in this man-ner arrived at our conclusions, we do not ordinarily deem it

essential to comment in detail upon the evidence, but only to state the conclusions themselves. These remarks are made to correct a misapprehension which some counsel have fallen into, in regard to the decision in *Perkins vs. Murphy*, 9 Wis., 100. They have seemed to understand that case as holding, that in cases where we are required to review the facts, still if the evidence was conflicting, we would not examine it in detail, but affirm the judgment, in analogy to the rule that the verdicts of juries will not be disturbed upon questions of fact when the evidence is conflicting. Such was not at all the meaning of that case. It meant, not that we did not examine the evidence in detail, in determining on which side it preponderated, but only that it would not be examined in detail in the opinion.

In this case, as in that, we think the evidence sustained the finding of the court below.

There may have been circumstances connected with the inception of these notes, which relieve the attempt to prevent their collection from any part of the odium which usually attaches to such efforts. But if there was anything that amounted to a legal defense, it should have been shown in the suit on the note, not having been shown there, it can have no effect here.

The judgment is affirmed, with costs.